711 So.2d 194 (1998)
Shaun CLINEBELL and Angela Clinebell, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 97-1833.
District Court of Appeal of Florida, Fifth District.
May 15, 1998.
Rehearing Denied June 17, 1998.
*195 Timothy A. Straus of Moyer & Straus, Longwood, for Appellants.
Charles E. Gordon, Winter Park, for Appellee.
HARRIS, Judge.
Dean and Judith Shull filed a petition to have their grandchildren, the children of their daughter and son-in-law, determined dependants. Based on a stipulation by the parents of the children, the court found the children to be dependent but withheld adjudication. The trial court believed that it was not bound, under the circumstances of this case, by the provisions of section 39.4105(4), Florida Statutes, found that it was in the best interest of the children that grandparent visitation continue, and awarded visitation to the grandparents. We agree and affirm.
It is true, as appellant asserts, that section 39.4105(4) mandates that grandparent visitation shall cease upon the return of the physical custody of the children to the parents. Judges should interpret and apply the law, whether it be statute or established by precedent, with reason and not by rote. It is apparent that section 39.4105(4) relates to an earlier provision of the statute that grants grandparent visitation of a child determined dependent and taken from the physical custody of his or her parent. Since the trial court had not granted and was not granting custody to the grandparents under the provisions of section 39.4105, it was correct in ruling that subsection (4) was inapplicable.
If the court did not rely on section 39.4105 as authority for granting grandparent visitation, what authority exists? We believe there are two sources of such authority. One is section 752.01(1)(c), Florida Statutes. This section permits the court to order grandparent visitation when "a parent of a child has deserted the child." We do not believe the statute requires physical desertion and that neglecting parental duties to the extent that children are determined by an appropriate court to be dependent is desertion enough. The second source of such authority is the doctrine of parens patriae. This doctrine originates from the common *196 law and, as stated by our supreme court in In re Beverly, 342 So.2d 481, 484 (Fla.1977), "[t]he Parens Patriae doctrine is used as a basis for state laws which protect the interest of minors, establish guardianships and provide for the involuntary commitment of the mentally ill." Here, it was used by the court to protect children determined to be dependent. The children were brought before the court based on allegations that their health and welfare were at stake. These allegations were confirmed by a stipulation that the children were indeed dependent. The court believed that it would be in the best interest of the children if they were left with their parents so long as the grandparents, the ones who brought the problem to the attention of the court in the first place, would continue to monitor the care provided by the parents. In the words of the trial judge, he had such authority:
[E]ven when the child is with the parents, to do what's in the best interest of the child, even including allowing contact and visitation with grandparents, even nonrelatives in cases where nonrelatives have been the primary custodian or has a significant contact with the child and the removal of that contact, in the Court's opinion, or the exclusion of that contact, would be detrimental to the child.
Appellants claim that permitting grandparent visitation violates Beagle v. Beagle, 678 So.2d 1271 (Fla.1996). Such is not the case. The court in Beagle made it clear that it was restricting grandparent visitation in cases where the objecting parents were not only "intact" but were also providing acceptable care. The court stated:
We limit our holding to only those situations in which a child is living with both natural parents, at least one natural parent objects to grandparental visitation, and no relevant matters are pending in the court system. (Emphasis added.)
Beagle, 678 So.2d at 1272.
This grandparent visitation resulted from a "relevant matter pending in the court system" and is not precluded by Beagle. We believe that the court had the authority to find that it was in the best interest of the children to grant grandparent visitation. We further believe that when it is the grandparents who bring to the attention of the court that children are not being properly cared for, and it is the grandparents who are willing to continue to monitor the care that the children receive after they are returned to the home of the parents who remain under the supervision of the court, there is sufficient support in the record to justify the court's action. If the law imposes the obligation on the trial court to act in the best interest of the children, it must provide the authority for it to do so.
AFFIRMED.
DAUKSCH, J., concurs.
ANTOON, J., concurs in result only.