738 So.2d 425 (1999)
L.B. and B.B., Appellants,
v.
C.A. and Department of Children and Families, Appellees.
No. 98-2605.
District Court of Appeal of Florida, Fourth District.
July 7, 1999.
*426 Eric C. Cheshire, West Palm Beach, for appellants.
Lawrence M. Fuchs of Fuchs and Jones, P.A., Royal Palm Beach, for appellee C.A..
Judith Levine of the Child Legal Services Unit State Attorneys Office, West Palm Beach, for appellee The Department of Children and Families.
KLEIN, J.
T.B. is a child born out of wedlock. After a petition for adjudication of dependency was filed pursuant to Chapter 39 of the Florida Statutes, T.B. was temporarily placed with her maternal grandparents, but was ultimately reunited with her mother, C.A. Her grandparents appeal an order holding that they have no standing to seek custody, visitation, or modification of that order. We affirm.
T.B. was born in 1989. Her parents were not married, and her father has not been involved with her life or in this action. She has lived with her mother, with her mother and her maternal grandparents, and with her grandparents.
In 1994 T.B.'s mother got married. In 1996 an investigator for the Department of Children and Families filed a petition for adjudication of dependency, because of allegations of abuse made against T.B.'s stepfather.
T.B. was then placed in a temporary shelter with her grandparents, but after allegations against T.B.'s grandfather, and further court proceedings, the mother and the grandparents participated in mediation which resulted in T.B. remaining temporarily with the grandparents.
T.B.'s mother and stepfather complied with the terms of the mediation agreement, and in February 1997, the court entered an order providing that T.B. would be reunited with her mother, with the court continuing protective supervision and retaining jurisdiction. In July, 1997 T.B. and her mother and stepfather, who is in the military, moved to the state of Washington, and the supervision of them was transferred by Florida to a Washington agency. The Washington agency ultimately recommended that protective supervision be terminated and that T.B. be allowed to visit her grandparents only with her parents.
In April, 1998 the grandparents, asserting that the Florida dependency action was still pending, filed the petition in this case for custody, modification, visitation and telephone contact. The petition did not allege any harm to T.B. other than things which had occurred prior to the 1997 order returning T.B. to her mother. T.B.'s mother and The Department of Children and Families responded with a motion to dismiss the petition for adjudication of dependency and termination of protective supervision. The grandparents' petition was denied on the ground that they had no standing, and they appeal. The resolution of the petition to terminate supervision is not in this record.
In Brunetti v. Saul, 724 So.2d 142 (Fla. 4th DCA 1998), rev. granted, 735 So.2d 1287 (Fla.1999), we concluded that section 752.01(1)(d), Florida Statutes (1997), authorizing grandparent visitation for children born out of wedlock was unconstitutional. We arrived at that conclusion based on Beagle v. Beagle, 678 So.2d 1271 (Fla.1996) and Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998), in which the Florida Supreme Court held other provisions of the grandparent visitation statute unconstitutional.
*427 The grandparents attempt to distinguish the present case on the ground that there were proceedings under Chapter 39, Florida Statutes. Chapter 39, however, only authorizes grandparent visitation after a child has been adjudicated dependent, and terminates those visitation rights when a child has been returned to the physical custody of a parent or others. § 39.4105, Fla. Stat. T.B. was never declared dependent, and accordingly the grandparents have no right to visitation simply because of the Chapter 39 proceeding.
We disagree with the contrary result reached in Clinebell v. Department of Children and Families, 711 So.2d 194 (Fla. 5th DCA 1998). The Clinebell court concluded that grandparent visitation could be imposed under similar circumstances; however, it reached that decision based on language in Beagle limiting Beagle to "situations in which a child is living with both natural parents." Beagle, 678 So.2d at 1272. The Clinebell court did not have the benefit of Von Eiff, in which the court broadened the Beagle rationale to one parent families. We are not certifying conflict with Clinebell because we believe that it is overruled by Von Eiff.
We thus conclude that the trial court was correct in dismissing the grandparents' petition for visitation. We also affirm denial of the other relief claimed because there are no allegations of any harm occurring after the order reuniting T.B. with her mother in 1997.
TAYLOR and HAZOURI, JJ., concur.